UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

LAUREN MUSSLER,

                                        Plaintiff,      **NOTICE OF REMOVAL**
                                                             **Civil Action No.:**

  vs.

SPEEDWAY LLC,

                                        Defendant.
─────────────────────────────────────────────

PLEASE TAKE NOTICE, that defendant, Speedway LLC ("Speedway"), by and through its attorneys, Sugarman Law Firm, LLP, hereby files this Notice of Removal seeking removal of this action from Supreme Court of the State of New York, County of Monroe (Monroe County Index No. E2021001794) ("the State Court action") to the United States District Court, Western District of New York.

In support of the request for removal, Speedway, by and through its attorneys, respectfully states the following:

1.      Pursuant to 28 U.S.C. § 1446(a), attached hereto and made a part hereof as **Exhibit A** is an Index of all process, pleadings, and orders served in the State Court action. The documents listed in chronological order within the Index are also annexed individually and are as follows:

- Summons and Verified Complaint, e-filed on March 2, 2021 (copies of which are attached as **Exhibit B**);
- Speedway's Verified Answer, e-filed on March 25, 2021 (a copy of which is attached as **Exhibit C**);
- Speedway's Request for Supplemental Demand for Relief, served on March 25, 2021 (a copy of which is attached as **Exhibit D**);
- Speedway's Amended Verified Answer, e-filed on April 21, 2021 (a copy of which is attached as **Exhibit E**); and
- Plaintiff's Response to Defendant's Supplemental Demand for Relief, dated June 2, 2021, received by regular mail on June 18, 2021 (a copy of which is attached as **Exhibit F**).

2. Upon information and belief, the foregoing constitutes all process, pleadings, and orders allegedly served upon the parties in this action. In addition to that, the following limited discovery has taken place: Speedway's Demand for Verified Bill of Particulars, Combined Discovery Demands, and Notice of Examination Before Trial were served on March 25, 2021; Plaintiff's Verified Bill of Particulars, dated June 2, 2021, and Plaintiff's Response to Defendant's Combined Discovery Demands, dated June 2, 2021, were received by regular mail on June 18, 2021; and Plaintiff's First Notice to Produce, dated June 2, 2021, Plaintiff's Combined Discovery Demands, dated June 2, 2021, and Plaintiff's Cross-Notice of Examination Before Trial, dated June 2, 2021, were received by regular mail on June 18, 2021.

3. The State Court action was commenced in the Supreme Court of the State of New York, Monroe County, on March 2, 2021 by the electronic filing of a Summons and Verified Complaint. *See* Exhibit B. The State Court action is a civil action wherein plaintiff alleges that she tripped and fell and was injured on December 24, 2018 at the Speedway Convenience Store located at 3055 Monroe Avenue, Rochester, New York. *See* Exhibit B.

4. Pursuant to New York Civil Practice Law and Rules § 3017(c), the monetary amount to which plaintiff deems herself entitled was not included in the Summons or Verified Complaint. *See* Exhibit B.

5. On March 25, 2021, Speedway, by and through its attorneys, served upon plaintiff's counsel a Request for Supplemental Demand for Relief. *See* Exhibit D.

6. On June 18, 2021, Speedway's counsel's office received Plaintiff's Response to Defendant's Supplemental Demand for Relief, dated June 2, 2021. *See* Exhibit F. Plaintiff alleges damages not in excess of $350,000. *See* Exhibit F.

7. This is an action of a civil nature in which the District Courts of the United States

have been given original jurisdiction in that there exists diversity of citizenship between plaintiff and Speedway and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.  Accordingly, there exists jurisdiction in the District Court of the United States pursuant to 28 U.S.C. § 1332.

8. Upon information and belief, although not stated in the Verified Complaint, plaintiff is an individual residing in the State of New York.  *See* Exhibit B.

9. Speedway is an active Limited Liability Company organized and existing under the laws of the State of Delaware and its principal place of business is in the State of Ohio.  Speedway has as its sole member SEI Speedway Holdings, LLC, a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. SEI Speedway Holdings LLC has as its sole member 7-Eleven, Inc., a Texas Corporation, which is wholly owned by SEJ Asset Management & Investment Company, Inc. ("SEJAMI"), a Delaware corporation.  SEJAMI is wholly-owned by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation.  SEJ is wholly owned by Seven & i Holdings Co., Ltd., a Japanese corporation, whose stock is publicly traded on the Tokyo Stock Exchange.

10. Under the provisions of 28 U.S.C. § 1441, the right exists to remove the civil action from the Supreme Court of the State of New York, County of Monroe to the United States District Court for the Western District of New York, which embraces the place where it is pending.

11. The civil action involves a controversy between citizens of different States.  Upon information and belief, plaintiff is, and was at the commencement of the State Court action, a resident of the State of New York.  Thus, she has New York citizenship for diversity jurisdiction purposes. Speedway and its sole member, SEI Speedway Holdings, LLC, are Limited Liability Companies organized and existing under the laws of the State of Delaware with a principal place

of business in the State of Texas.  Further, SEI Speedway Holdings LLC's sole member, 7-Eleven, Inc., is a Texas Corporation that is wholly owned by SEJ Asset Management & Investment Company, Inc. ("SEJAMI"), a Delaware corporation.  SEJAMI is wholly-owned by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation.  SEJ is wholly owned by Seven & i Holdings Co., Ltd., a Japanese corporation, whose stock is publicly traded on the Tokyo Stock Exchange.  The citizenship of a limited liability company is determined by the citizenship of its members.  *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015 (1990). Therefore, Speedway's citizenship for purposes of diversity jurisdiction is Delaware and/or Ohio and/or Texas.

12. Upon information and belief, the amount in controversy exceeds $75,000.00.  Plaintiff's Summons and Verified Complaint do not contain a monetary demand.  *See* Exhibit B.  However, the Verified Complaint does state that plaintiff "has been damaged in excess of the jurisdictional limits of all lower courts in which this action may otherwise have been brought."  *See* Exhibit B.  Further, Plaintiff's Response to Defendant's Supplemental Demand for Relief, dated June 2, 2021, received by regular mail on June 18, 2021, advises that plaintiff alleges damages not in excess of $350,000.  *See* Exhibit F.  If the allegations contained in the Verified Complaint are ultimately proven, all of which are expressly denied, then a verdict in this matter could exceed $75,000.00.  Therefore, the District Court has jurisdiction over this civil action.

13. In accordance with the requirements set forth in 28 U.S.C. § 1446, this Notice of Removal is being filed within thirty (30) days of receipt by Speedway of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *i.e.*, Plaintiff's Response to Defendant's Supplemental Demand for Relief, dated June 2, 2021, receive by regular mail on June 18, 2021, which stated for the first time that plaintiff deems herself entitled to $350,000, satisfying the requirements for diversity

jurisdiction.  *See* 28 U.S.C. § 1446(b)(3); 28 U.S.C. § 1332; Exhibits B & F.

14. By reason of all of the foregoing, Speedway desires and is entitled to have the civil action removed from the Supreme Court of the State of New York, County of Monroe to the United States District Court for the Western District of New York, which encompasses the venue where the State Court action is pending.

15. A copy of this Notice of Removal is being served upon plaintiff and filed with the Monroe County Clerk, as required by 28 U.S.C. § 1446(d), and proof of said filing will be transmitted to this Court once effectuated.

WHEREFORE, Speedway respectfully requests that the civil action pending against it in the Supreme Court of the State of New York, County of Monroe be removed and proceed in this Court as an action properly removed to it, along with such other, further and different relief as is just and proper.

Dated:  July 15, 2021

                                              Brittany L. Hannah, Esq.
                                              **SUGARMAN LAW FIRM, LLP**
                                              *Attorneys for Speedway LLC*
                                              Office and Post Office Address
                                              211 W. Jefferson Street
                                              Syracuse, New York  13202
                                              Telephone:  (315) 474-2943
                                              *bhannah@sugarmanlaw.com*

TO:

    Kyle P. Riter, Esq., of Counsel
    **SEGAR & SCIORTINO PLLC**
    *Attorneys for Lauren Mussler*
    Office and Post Office Address
    400 Meridian Centre, Suite 320
    Rochester, New York 14618
    Telephone:  (585) 475-1100
    *kriter@segarlaw.com*